1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11   JOSEPH CARRINGTON,                      Case No. 2:19-cv-02771-FMO-MAA
12                        Petitioner,
                                             **ORDER ACCEPTING REPORT
13         v.                                AND RECOMMENDATION OF
                                             UNITED STATES MAGISTRATE
14   ROBERT NEUSCHMID, Warden,               JUDGE**
15                        Respondent.
16
17
18         Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other
19   records on file herein, and the Report and Recommendation of the United States
20   Magistrate Judge ("R&R," ECF No. 25).
21         The Court also has reviewed Petitioner's objections to the Report and
22   Recommendation, which were filed on February 4, 2020. ("Objection," ECF No.
23   26.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has
24   engaged in de novo review of the portions of the R&R to which Petitioner
25   specifically has objected.
26   ///
27   ///
28   ///

## I. ALLEGED PROCEDURAL DEFICIENCIES

In the Objection, Petitioner asserts that the Court's handling of Petitioner's stay request was "unconstitutional and prejudicial." (Objection at 2 (emphasis removed).) This Court rejects this argument.

As a preliminary matter, Petitioner's stay request itself is procedurally deficient. Petitioner's stay request was not made by motion, but instead was embedded in his opposition to Respondent's motion to dismiss ("Motion," ECF No. 13) (*see* "Opposition," ECF No. 19, at 8-9) and renewed in the Objection (Objection at 3-6). An opposition brief is not a procedurally appropriate vehicle in which to request relief in the form of a court order. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b). Pursuant to Local Rule 7-4, the Court may decline to consider a motion unless it meets the district's motion filing requirements. Nor is an objection to a magistrate judge's report and recommendation an apt vehicle; this Court may decline to consider new arguments and evidence presented for the first time in an objection to a magistrate judge's recommendation. *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000). Petitioner has not filed a motion for a stay, despite the Court's affirmative invitation on multiple occasions to do so. (*See* ECF Nos. 20, 22.) Accordingly, the Court may decline to consider his request. Fed. R. Civ. P. 7(b); C.D. Cal. L.R. 7-4; *Howell*, 231 F.3d at 622.

Notwithstanding the procedural deficiencies of the stay request in the Opposition, on December 4, 2019, the Magistrate Judge issued an order inviting a response to her preliminary conclusions regarding the exhaustion of the First Amended Petition, giving Petitioner the opportunity to file a motion to stay and setting a briefing schedule for the contemplated motion. ("December 4 Order," ECF No. 20.) The Court gave Petitioner until December 20, 2019 to file a stay motion, and provided Respondent the opportunity to respond to the stay motion (or Petitioner's request for a stay embedded in the Opposition) by January 3, 2020. (*Id.*

at 3.) The Court noted that it would consider Petitioner's argument for a stay in the Opposition if Petitioner did not file a stay motion. (*Id.*) Petitioner's counsel contends he "was unaware of the briefing schedule." (Objection at 2.) Petitioner's assertion is unsupported by evidence, whether by his own declaration or otherwise, showing excusable cause for his unawareness. (*See* ECF No. 21, at 2 (averring in a declaration that counsel was unaware of the December 4 Order until after December 20 "[d]ue to the holiday season"); *see generally* Objection.) Indeed, Petitioner's counsel received notice of the electronic filing of the December 4 Order through email sent to the address counsel provided to the Court upon his formal appearance in the case. (*See* ECF No. 20 (notice of electronic filing indicating email transmission to winstonkevinmckesson0331@gmail.com); *see also* ECF No. 5 (notice of appearance providing winstonkevinmckesson0331@gmail.com as counsel's email address).)[1] The notice of electronic filing constitutes proof of service of the December 4 Order. *See* C.D. Cal. L.R. 5-3.2.1. Consequently, Petitioner's counsel's inattentiveness concerning the stay motion briefing schedule is unavailing.

On December 30, 2019, ten days after his stay motion was due, Petitioner requested an extension of time, until February 14, 2020, to file his stay motion. (ECF No. 21.) Observing that Petitioner's request for an extension of time effectively was a request for relief from the December 20 deadline he missed, on

---

[1] At the inception of this case, Petitioner's counsel electronically filed documents on Petitioner's behalf using the CM/ECF account of Gary S. Austin, a stranger to this action. (*See* ECF No. 1 (docket entry indicating Mr. Austin's filing of the original Petition).) The Court expressly advised Petitioner's counsel of Local Rule 5-4.3.4(e), which provides that "a registered CM/ECF filer's login and password may not be used to file a document on behalf of a party not represented by that registered CM/ECF filer." (ECF No. 4, at 2.) Despite this admonishment, Mr. Austin's CM/ECF account appears to have been used for all of Petitioner's subsequent filings. (*See* ECF Nos. 5, 15, 17, 19, 21, 26.) In any event, Petitioner's counsel has been served with all documents filed after the date he appeared as counsel. (*See* ECF Nos. 8-26 (notices of electronic filing).)

3

January 7, 2020, the Magistrate Judge granted an extension of time to January 20, 2020.  (ECF No. 22, at 1-2.)  Petitioner complains that the Magistrate Judge erred by not granting the full amount of time he requested.  (Objection at 2-3.)  District courts enjoy the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *accord Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) ("District courts have the inherent power to control their dockets . . . .").  The Court's order granting Petitioner relief from a deadline he missed falls well within the Court's inherent powers.  After the deadline had passed, the Magistrate Judge afforded Petitioner a full month after his stay motion initially was due to file the motion.  (ECF No. 22.)  Petitioner does not justify or explain why the amount of time he was given to file his contemplated motion—nearly two weeks from the date the extension was granted, and over six weeks from the date the Court invited Petitioner to file a stay motion—"was not enough."  (Objection at 2.)  Moreover, Petitioner does not explain why he did not request a further extension of time upon the partial denial of his extension request.

Finally, Petitioner asserts that the Court improperly invited Respondent to respond to the stay request while depriving him of his right to file a reply.  (Objection at 2-3 (discussing ECF No. 22).)  Again, this decision is well within the Court's inherent authority to manage the disposition of its cases.  *See Link*, 370 U.S. at 630-31; *Bautista*, 216 F.3d at 841.  Petitioner does not cite, and the Court is unaware of, any authority requiring the Court to provide a reply brief in considering a motion.  *See, e.g.*, Fed. R. Civ. P. 7(b).  Petitioner contends only that it "is custom and practice when oppositions are filed" to permit a reply brief.  (Objection at 3.)  Taking Petitioner's contention at face value, Respondent's response to the stay request properly may be construed not as an opposition to Petitioner's "motion," but as a reply to Petitioner's Opposition to Respondent's Motion—a reply the Court had not authorized before inviting the response.  (*Compare* ECF No. 8, at 3

("Unless otherwise ordered by the Court, Respondent shall not file a Reply to Petitioner's Opposition to the Motion to Dismiss."), *with* December 4 Order at 3 (inviting "a response to the stay request presented in the Opposition"), *and* ECF No. 22, at 2 (same).) As described above, there is no stay motion pending, so it is unclear why Petitioner claims entitlement to a reply brief. In any event, Petitioner does not appear to have been unduly prejudiced given that he deemed it fit to assert in his Objection a new argument in support of a stay—an argument this Court addresses.

Petitioner requests that the Court "allow him adequate time to file a proper stay motion on the subject." (Objection at 3.) From the date of the Report and Recommendation, the Court gave Petitioner over six months after Respondent first asserted that the Petition was not fully exhausted (Motion), over three months after Petitioner first indicated he wanted a stay to exhaust his claims in state court (Opposition), and nearly two months after the Court invited Petitioner to file a formal stay motion (December 4 Order) in which to do so. Petitioner has been given ample opportunity to move for a stay. Petitioner utterly fails to support his accusation of unconstitutionality and undue prejudice. The Court finds no impropriety here.

## II.    FURTHER REQUEST FOR A *RHINES* STAY

For the first time in the Objection, Petitioner concedes that Grounds One, Two, and Three are unexhausted, and he states his intent to exhaust his claims in the state courts. (*See* Objection at 4.) Also for the first time in the Objection, advancing an argument that he is entitled to a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) ("*Rhines*"), Petitioner asserts that he has good cause for failing to exhaust his claims earlier because he "cannot be reasonably certain that the state court's post-conviction process will find his exhaustion petition timely or that the process will be completed by federal deadline, which is believed to have expired."

(*Id.* at 5; *see also id.* at 4-5 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).)

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" a failure to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon*, 847 F.3d at 720.

The United States Supreme Court has addressed the good cause requirement in dicta. In *Pace*, a petitioner's long-pending state habeas petition ultimately was dismissed as untimely. 544 U.S. at 411-12. The petitioner's subsequent federal habeas petition would have been timely filed only if benefitted statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for the time during which the state petition had been pending. *Id.* The Supreme Court held that time limits are filing conditions; therefore, an untimely state petition is not "properly filed" and does not entitle the petitioner to statutory tolling. *Id.* at 417. The Court acknowledged the petitioner's argument that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that [his petition] was never 'properly filed.'" *Id.* at 416 (citation and quotation marks omitted). The Court recommended that, in those circumstances, a petitioner may file a "protective" federal petition and request a stay and abeyance of the federal action pursuant to *Rhines*. *Id.* The Court noted that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.*; *see also Blake v. Baker*, 745 F.3d 977, 982 n.3 (9th Cir. 2014) (recognizing the weight of the Court's guidance in *Pace* while acknowledging the statement was dicta).

In a memorandum opinion, a Ninth Circuit panel observed that *Pace* does not require a petitioner to show an "actual significant timeliness issue" to show good cause for a *Rhines* stay. *Navas v. Baca*, 606 F. App'x 414, 415 (9th Cir. 2015).

Construing *Pace*, the panel emphasized that a district court should assess whether the petitioner "ha[s] good cause at the moment [the petitioner] files his petition under 28 U.S.C. § 2254, not at the moment [the petitioner seeks] to stay proceedings." *Id.* (emphasis removed).

     *First*, the *Pace* dicta considered a situation distinguishable from the one at bar—a "petitioner trying in good faith to exhaust state remedies [who] may litigate in state court for years only to find out at the end that [his petition] was never 'properly filed.'" *Pace*, 544 U.S. at 416 (citation and quotation marks omitted). As many sister district courts in the Ninth Circuit have observed, a federal petition cannot be construed as "protective" within the meaning of *Pace* when the petitioner has yet to commence state-court exhaustion efforts before coming to federal court. *See, e.g.*, *Putnam v. Hopper*, No. 2:17-cv-0832-GEB-EFB P, 2017 U.S. Dist. LEXIS 190112, at *10, 2017 WL 5526516, at *3 (E.D. Cal. Nov. 15, 2017) ("[P]etitioner fails to demonstrate how the instant petition can be construed as 'protective' within the meaning of *Pace* given his failure to file any petition in the California Supreme Court prior to commencing this action."), *adopted*, 2018 U.S. Dist. LEXIS 232835, 2018 WL 10231160 (E.D. Cal. Jan. 17, 2018), *certificate of appealability granted sub nom. Putnam v. Attorney Gen.*, No. 18-15346, 2018 U.S. App. LEXIS 21752 (9th Cir. Aug. 3, 2018); *Adkins v. Neven*, No. 2:13-cv-02170-JCM-PAL, 2016 U.S. Dist. LEXIS 169960, at *29-30, 2016 WL 7159493, at *11 (D. Nev. Dec. 7, 2016) (distinguishing *Pace* in that petitioner did not file federal petition "while a potentially time-barred state post-conviction petition presenting the unexhausted claims . . . was working its way through the state system"); *Mitchell v. Hedgepeth*, No. CV 08-562 RGK (FFM), 2015 U.S. Dist. LEXIS 166301, at *9-10, 2015 WL 8567384, at *3 (C.D. Cal. Aug. 14, 2015) ("[P]etitioner's federal filing was not a 'protective' filing while he pursued state remedies[,] and petitioner entertained no reasonable confusion about the timeliness of a non-existent state petition . . . ."), *adopted*, 2015 U.S. Dist. LEXIS 166299,

1   2015 WL 8664149 (C.D. Cal. Dec. 11, 2015). Here, Petitioner has not identified
2   any extant state-court exhaustion proceeding, let alone an exhaustion proceeding
3   predating the filing of the Petition. The Court declines to extend *Pace* to the facts
4   presented here.

5        *Second*, even if the Court were to extend the *Pace* reasoning to federal
6   actions in which no state exhaustion proceedings are pending, Petitioner has not
7   supported his argument with sufficient evidence that, at the time he filed his
8   petition, he harbored reasonable confusion regarding whether a contemplated state
9   habeas petition would be timely. *See Blake*, 745 F.3d at 982; *Navas*, 606 F. App'x
10  at 415. Petitioner acknowledges for the first time in the Objection that Grounds
11  One, Two, and Three are unexhausted. (*See* Objection at 4.) Petitioner signals for
12  the first time in the Objection an unqualified intent to exhaust his claims in the
13  California courts. (*See id.*) Previously, Petitioner consistently contended that his
14  claims were exhausted. (*See* ECF No. 1, at 11-12 (alleging that the grounds for
15  relief presented to the California appellate courts "are the same as those he is
16  raising in" his federal petition, and that he "exhausted all his remedies"); ECF No.
17  7, at 5-6 (checking boxes affirming that all four grounds for relief were presented in
18  a petition for review before the California Supreme Court); Opposition at 4-8
19  (arguing that Grounds One, Two, and Three were presented in a petition for review
20  before the California Supreme Court).) He also previously indicated he would seek
21  exhaustion "*if* [the Court] feels some of Petitioner's claims are not exhausted."
22  (Opposition at 8 (emphasis added).) Petitioner's present argument, that he needed
23  to file a protective federal petition because he was reasonably confused about
24  whether a state petition would be untimely, is utterly incompatible with the position
25  he exhibited at the time of filing, that the claims already were exhausted and that no
26  further state proceedings were necessary to proceed in federal court. Petitioner fails
27  to demonstrate that, at the time he filed the original Petition, he was reasonably
28  confused about the timeliness of a state habeas petition he never intended to file.

Consequently, Petitioner still has failed to show "good cause for [his] failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. The Court need not decide whether the other two *Rhines* elements are met. *See Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008). Petitioner's Objection does not provide a basis for upsetting the R&R's ultimate conclusion regarding Petitioner's entitlement to a *Rhines* stay.

## III. OPPORTUNITY TO AMEND

In the R&R, the Magistrate Judge recommended that, "unless and until Petitioner states that he seeks to proceed solely on Ground Four or to stay the case pursuant to [*Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)], the undersigned recommends dismissal of the [First Amended Petition] without prejudice for failure to fully exhaust Petitioner's claims in state court." (R&R at 10.) In so doing, the Court has given Petitioner an opportunity to amend the First Amended Petition to remove unexhausted claims. *See Jefferson v. Budge*, 419 F.3d 1013, 1015-16 (9th Cir. 2005).

In his Objection, Petitioner requests time "to file a motion for stay and/or decide[] to dismiss unexhausted claims and proceed forward on the exhausted claims." (Objection at 6.) In light of Petitioner's request, the Court will stay dismissal of the First Amended Petition and entry of judgment for fourteen (14) days to give Petitioner one final opportunity to amend his pleadings to delete the unexhausted claims or otherwise notify the Court that he abandons or voluntarily dismisses the unexhausted claims.

## IV. CONCLUSION

The Court finds no defect of law, fact, or logic in the R&R. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

9

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Respondent's Motion to Dismiss (ECF No. 13) is granted as to the exhaustion grounds presented therein; and (3) fourteen (14) days from the date of this Order, Judgment shall be entered denying the First Amended Petition and dismissing this action without prejudice *unless* Petitioner first moves for leave to amend the First Amended Petition to delete his unexhausted claims and/or moves for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).

DATED: February 20, 2020

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE