# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARRINGTON,<br><br>Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>Respondent. | Case No. 2:19-cv-02771-FMO-MAA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT AND DENYING CERTIFICATE OF APPEALABILITY** |

On February 20, 2020, the Court granted Respondent's Motion to Dismiss (ECF No. 13) as to the exhaustion grounds therein. ("Order," ECF No. 27, at 10.) In light of Petitioner's request to have a further opportunity "to file a motion for stay and/or decide[] to dismiss unexhausted claims and proceed forward on the exhausted claims" (ECF No. 26, at 6), the Court deferred entry of judgment for fourteen (14) days after the date of the Order. (Order at 10.) To date, Petitioner has not moved the Court for leave to amend the First Amended Petition to delete his unexhausted claims or move for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Accordingly, the Court directs the Clerk to enter judgment denying the First Amended Petition and dismissing the action without prejudice.

///

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> (a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.

Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a habeas petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted).

///

///

///

After duly considering Petitioner's contentions in support of the claims alleged in the First Amended Petition, the Court finds that Petitioner has not satisfied the requirements for a certificate of appealability. Accordingly, the Court declines to issue a certificate of appealability.

DATED: March 19, 2020

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE